UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HAMP O. GREEN,

    Petitioner,

v.                                         CASE NO. 6:11-cv-284-Orl-28KRS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____

## ORDER

Petitioner filed a motion titled "Urgent Motion to Allow Petitioner Legal Paperwork" (Doc. No. 18, filed February 28, 2012). Although Petitioner did not use the term "emergency," Petitioner is advised that labeling something as urgent on the face of the pleading should be used only in extraordinary circumstances, when there is a true and legitimate emergency. When a pleading is labeled as an emergency or as urgent, the Court is compelled to immediately divert its attention from other pending matters and to focus on the "emergency."

Petitioner contends that correctional officers at Lake Correctional Institution will not allow him his legal paperwork while he is in segregated confinement (Doc. No. 18 at 1). Petitioner states that he has several ongoing cases and will not be able to send pertinent documents to the Court in a timely manner if he is not allowed his legal paperwork and supplies. *Id.* The Court notes that it has not issued any Orders in the instant case requiring

Petitioner to file any documents. In fact, the instant case is ripe for review and will be taken under advisement by the Court. Thus, the Court concludes that the present motion does not assert matters that constitute an emergency in the instant case, and Petitioner should not label any further documents as urgent unless there is a true and legitimate emergency. The failure to comply with this paragraph will result in the imposition of sanctions.

Moreover, the Court notes that Lake Correctional Institution's failure to allow him access to legal paperwork and supplies is extraneous to the instant case. To the extent that Petitioner alleges that officers at Lake Correctional Institution are preventing his access to the Court, then Petitioner should pursue the matter with the appropriate prison official, and, if necessary, initiate separate litigation in the court having jurisdiction over the matter. Finally, the Court also notes that while Petitioner alleges that he has pending retaliation claims against the correctional officers at Lake Correctional Institution, the Court finds that those claims are not pending in the instant action. Petitioner should file an appropriate motion in his pending civil rights case challenging his lack of access to the court.

Accordingly, it is hereby **ORDERED** that Petitioner's Urgent Motion to Allow Petitioner Legal Paper Work (Doc. No. 18) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida, this 29 day of February, 2012.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

2

Copies to:
OrlP-3 2/28
Hamp O. Green